UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MAGALY E. HERIVEAUX,

                Plaintiff,

-against-

FEDERAL GOVERNMENT,

                Defendant.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER
14-CV-7105 (ENV)

VITALIANO, United States District Judge.

Plaintiff Magaly E. Heriveaux filed this *pro se* action on December 2, 2014. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed with leave to file an amended complaint provided she does so within 30 days of the entry of this Memorandum and Order on the docket.

Background

Heriveaux names the "Federal Government" as the lone defendant in the caption of her one-page complaint, but does not offer any facts to support a claim of specific wrong to her. Instead, her complaint in its entirety states that she is a

> law-abiding civilian and a victim of character defamation and cruel and unusual punishment due to slander, inducement of my immediate support system over a period of time, abuse of power, invasion of privacy and other excessive means (i.e. abuse of technology, misuse and waste of funds, disproportionate representation, failure to identify, failure to provide adequate information and inducement of mental and emotional anguish. This hardship is perpetuated by isolating me from my immediate support system, mail fraud, censorship,

1

> telecommunication interruptions and other obstructions. Additionally, I affirm that cruel and unusual punishment is also enforced through, manipulation, degradation, and stigmatization. Other tactics such as, intimidation, threats to one's safety, as well as my family and immediate support system are also utilized to bring about duress and distress. Exploitation, sexual discrimination, sexual harassment, overall harassment, hindrances in health care services, inducement of financial hardship and more are used to secure and maintain control. All efforts have been made to diminish, redress or desist all activities. I also attest that these statements are not geared towards my political or religious affiliation. All of these torts and violations are conducted against my will.

Compl. at 1. Plaintiff seeks "an estoppel on all activities." Id. See also Plaintiff's Motion for Estoppel.

### Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

At the initial pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). But even with the assumption of truth, a complaint must plead sufficient facts (not conclusory arguments) to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required

to read a *pro se* complaint like this one liberally and interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980).

## Discussion

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of her claims against each named defendant so that each defendant has adequate notice of the claims against them. Iqbal, 556 U.S. at 678 (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly, 550 U.S. at 545; Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

Here, even after granting such a charitable reading of plaintiff's complaint, it is impossible to determine what plaintiff's federal cause of action is against defendant.[1] A global assault on the maladministration of government, moreover, is ordinarily a matter for the ballot box and not the courtroom.

---

[1] In any event, plaintiff is advised that "[a]bsent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." County. of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (citing Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260-61 (1999)). Given the complaint's manifesto, it is highly dubious that Heriveaux will be able to state a claim that does not run afoul of this principle.

3

Conclusion

In line with the foregoing, the complaint is dismissed without prejudice, 28 U.S.C. § 1915(e)(2)(B), and whatever relief was intended by the motion denominated a motion for estoppel is denied with it. In light of the duty to liberally construe *pro se* complaints, however, and in an abundance of caution, plaintiff is given 30 days leave to file an amended complaint. Erickson, 551 U.S. at 94.

Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support plaintiff's claims against each named defendant. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, specifically, as to any properly named defendant, the individual named must have some personal involvement in the wrongful actions plaintiff alleges in the amended complaint harmed her. Plaintiff must also provide the dates and locations for each relevant event. To the extent plaintiff does not know the name of the individual, plaintiff may identify the individual as John or Jane Doe, along with descriptive information and place of employment.

Heriveaux is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information, if any, that was contained in the original complaint. The

amended complaint must be captioned as the "Amended Complaint" and bear the same docket number as this Order.

If plaintiff fails to comply with this Order within the time allowed, judgment dismissing her complaint shall enter. No summons shall issue at this time and all further proceedings shall be stayed the time allowed to comply with this Order shall have elapsed or until further Order of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

So Ordered.

                                                s/Eric N. Vitaliano

                                          ERIC N. VITALIANO
                                          United States District Court

Dated:        Brooklyn, New York
                December 11, 2014