UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MAGALY E. HERIVEAUX,

        Plaintiff,

-against-

FEDERAL GOVERNMENT,

        Defendant.
---------------------------------------------------------------x

MEMORANDUM AND ORDER
14-CV-7105 (ENV)

VITALIANO, United States District Judge.

    Plaintiff Magaly E. Heriveaux, filed this *pro se* action on December 2, 2014. By Memorandum and Order, dated December 11, 2014, the Court dismissed the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), and, in an abundance of caution, granted plaintiff 30 days leave to file an amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure. On January 9, 2015, plaintiff filed a document entitled "Amended/Affirmation," which the Court liberally construed as plaintiff's amended complaint. But that amended complaint failed to cure the deficiencies the Court discussed in its December 11, 2014 Memorandum and Order; nor did it include allegations of facts establishing federal jurisdiction. Therefore, on February 2, 2015, the Court entered judgment dismissing the action with prejudice. Almost two weeks later, on February 13, 2015, the Court received a letter from plaintiff requesting that her case remain "active." The Court liberally construes Heriveaux's submission as a motion to reconsider and vacate the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure

1

("Motion for Reconsideration"). For the reasons set forth below, plaintiff's motion for reconsideration and to restore her action to active status is denied.

Discussion

A motion for reconsideration of a court's civil judgment is permitted under Rule 59(e), which authorizes a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). The standard for granting a motion to reconsider a judgment "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); see also Lesch v. United States, 372 Fed.Appx. 182, 183 (2d Cir. 2010) (same) (quoting Shrader, 70 F.3d at 257); Smith v. Schweiloch, No. 12–CV–3253, 2012 WL 2277687, at *1 (S.D.N.Y. June 18, 2012) ("The moving party is required to demonstrate that 'the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court.'") (alteration in original) (quoting Vincent v. Money Store, No. 03–CV–2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011)); Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (requiring the moving party to "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal citation omitted). Thus, "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hidalgo v. New York, No. 11–CV–5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted).

Plaintiff's Rule 59(e) motion for reconsideration fails to point to any authority or evidence that the Court overlooked in dismissing her action. To the contrary, plaintiff's submission contains nonsensical statements concerning threats and actions that have allegedly been made against her. For instance, plaintiff states that

> Monday, January 26, 2015 was the monetary deadline for everyone to desist all activities, so that I can advocate to get my Abatement Order in writing. Instead of this happening, I place a call at 3:40am on Tuesday, January 27, 2015, to have the police come to my home, due to technological abuse. They arrived and I reported that someone was sexually abusing their authority through the use of the portal, while I was in my sleep (i.e. trance).

Motion for Reconsideration at 2. As plaintiff's motion does not contain any meaningful or substantive reason to reopen the case, the motion is denied.

3

## Conclusion

Accordingly, plaintiff's motion for reconsideration under Rule 59(e) is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The case will remain on the Court's docket of closed cases.

So Ordered.

/S/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Court

Dated: Brooklyn, New York
      February 24, 2015