```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAGALY E. HERIVEAUX,

                                        Plaintiff,

              -against-

FEDERAL GOVERNMENT,

                                        Defendant.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2015 ★
BROOKLYN OFFICE

MEMORANDUM
AND ORDER
14-CV-7105 (ENV)

VITALIANO, United States District Judge.

On April 23, 2015, the Court received a "Notice of Motion" and "Affirmation/Affidavit" from plaintiff Magaly Heriveaux, which the Court liberally construes as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] For the following reasons, the motion is denied.

---

[1] As plaintiff has been previously advised, motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. Shearard v. Geithner, No. 09 CV 0063, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Local Rule 6.3 provides that a notice of motion for reconsideration or reargument of a court order shall be served within 14 days after the entry of the judgment. Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." If the Rule 59(e) motion is not timely filed, then the motion to

1

Background

Heriveaux filed this *pro se* action on December 2, 2014. By Memorandum and Order, dated December 11, 2014, the Court dismissed the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and, in an abundance of caution, granted plaintiff 30 days leave to file an amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure. On January 9, 2015, plaintiff filed a document titled "Amended/Affirmation," which the Court liberally construed as plaintiff's amended complaint. The amended complaint failed to cure the deficiencies the Court discussed in its December 11, 2014 Memorandum and Order and did not include any facts to establish federal jurisdiction. Therefore, on February 2, 2015, the Court entered judgment dismissing the action with prejudice. On February 13, 2015, the Court received a letter from Heriveaux asking that her case remain "active." The Court liberally construed plaintiff's submission as a motion to reconsider and vacate the adverse judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. By Memorandum and Order, dated February 24, 2015, the Court denied

---

reconsider will be treated as a Rule 60(b) motion. See United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993).

2

plaintiff's motion for reconsideration and reopening of her case. Plaintiff again seeks to have her case reopened in the instant application.

Discussion

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to one of the first three enumerated reasons of the Rule must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For all other reasons, including subsection four and the catch-all subsection six, a Rule 60(b) motion must be filed "within a reasonable time." Id.

The decision to grant or deny a motion for reconsideration, of course, "is within the sound discretion of the district court, ... and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Mangino v. Inc. Village of

3

Patchogue, 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). See also Hidalgo v. New York, No. 11 CV 5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012).

In the ordinary course, a motion for reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." SBC 2010–1, LLC v. Morton, Nos. 13–714 (L), 13–1161(Con), 2013 WL 6642410, at *1 (2d Cir. Dec. 18, 2013) (quoting Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995)). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), as amended (July 13, 2012), cert. denied, 133 S.Ct. 1805 (2013). See also Kruger v. Virgin Atlantic Airways, Ltd., No. 11 CV 2954, 2013 WL 6795251, *1 (E.D.N.Y. 2013).

Heriveaux's motion for reconsideration fails to point to any authority or evidence that the Court overlooked in dismissing her action. Quite to the contrary, her submission contains seemingly non sequitur statements

concerning threats and actions that have allegedly been made against her. For instance, she states that

> [a]s of April 22, 2015, it has been approximately one hundred and forty (140) days and my legal situation is still unresolved, despite providing six (6) prior conscionable, combined deadlines and one current equitable deadline (FEMA), to have these activities discontinue, in the portal, due to having more than ninety (90) individuals, having access to these technological devices.

Mtn. for Reconsideration at 1. As plaintiff's motion does not contain any meaningful or substantive reason to reopen the case, the motion is denied.

## Conclusion

For the reasons outlined above, plaintiff's motion for reconsideration under Rule 60(b) is denied. Plaintiff is again advised that if she continues to waste the Court's resources with frivolous motions or other filings concerning this and/or other closed matters, she may be subjected to sanctions and restrictions on her ability to file.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the

---

[2] Plaintiff has filed two other similar complaints in this Court in recent months, which are also nonsensical and frivolous. See Heriveaux v. FEMA, 15-CV-2326 (ENV) (dismissed as frivolous on May 10, 2015), and Heriveaux v. Secretary of Defense, 15-CV-340 (ENV) (dismissed as frivolous on Feb. 7, 2015; Mtn. for Reconsideration pursuant to Fed.R.Civ.P. 60(b) pending).

purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**The Clerk is directed to maintain this case on the closed docket.**

So Ordered.

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Court

Dated:      Brooklyn, New York
              May 12, 2015